IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BENNIE R. GIBSON, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | Civil Action No. 3:18-CV-594-S-BH |
| | § | |
| SMITHSIMMONS PLLC, et al., | § | |
| | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this *pro se* case has been referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court are the following:

(1) *Defendants' Motion to Dismiss*, filed July 3, 2018 (doc. 10);

(2) *Plaintiff['s] Motion to Compel Third-Party JP Morgan Chase Bank NA Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises*, filed September 12, 2018 (doc. 26);

(3) *Plaintiff's Motion to Compel Third Party Dannie G. Lenox of Subpoena to Produce Documents, or Objects or to Permit Inspection of Premises*, filed October 23, 2018 (doc. 29); and

(4) *Opposed Second Amended Plaintiff's Motion to Submit Evidence for the Record to Supplement his Opposition to Defendant's Motion for Stay Quash Plaintiff's Third Party Subpoenas and for Protective Order to the Honorable Judge of the Said Court*, filed November 27, 2018 (doc. 38).

Based on the relevant filings and applicable law, the motion to dismiss should be **GRANTED**, and the remaining motions are **DENIED as moot**.

### I. BACKGROUND

This case arises out of a dispute over the handling of the Estate of Ceola M. Lenox (the

Estate). (doc. 7 at 3-4.)[1]  Ms. Lenox was the mother of Frances A. Gibson, who is married to Bennie R. Gibson (Plaintiff).  (*Id.* at 12.)  On March 14, 2018, Plaintiff sued the attorneys for the Estate, Roe Theron Simmons and Christopher Smith (collectively, Attorneys), and SmithSimmons PLLC (Law Firm) (collectively, Defendants), asserting state law claims for professional negligence, aiding and abetting a breach of fiduciary duty, criminal fraud, criminal conspiracy, fraudulent deed transfer, forgery, document fraud, intentional harassment, perjury, theft, and conversion.  (doc. 3; doc. 7 at 4-7.)  He seeks "losses and damages in and [sic] amount in excess of the minimum jurisdictional limits of this Court," "punitive damages in the amount of $20,500,000.00," attorney's fees, pre-judgment and post-judgment interest, and court costs.  (doc. 7 at 9.)

Plaintiff alleges that Attorneys "had inclusive and complete control over the [E]state," including the fiduciary duty "to protect the estate in the best interest of the beneficiary."  (*Id.* at 3.)  Dannie Lenox (Administrator) was allegedly represented by an attorney at the Law Firm when he was appointed administrator of the Estate.  (*Id.*)  Plaintiff believes that Administrator was under the influence of drugs at the time of his appointment, and that he had no intention of honoring or fulfilling his fiduciary responsibilities as administrator of the Estate.  (*Id.*)  He claims that Administrator, his wife, and an attorney at the Law Firm worked in concert to commit fraud upon the Estate by engaging in self-dealing, embezzlement, depositing estate funds into personal accounts, coercing Plaintiff's wife to sign an agreement, and defrauding the Estate for financial gain.  (*Id.* at 4.)  He claims that Defendants breached their duty to protect the beneficiary's interest in the Estate, failed to advise Administrator of his duties as a fiduciary, counseled and assisted Administrator in

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

committing fraud against the Estate, colluded with the Oklahoma Bar Association to gain an unfair advantage over Plaintiff and manipulate the Estate, fraudulently sold property of the Estate, forged court documents for a hearing related to property of the Estate to "lure or bate [sic] Plaintiff or his daughter" into a court room, continued engaging in criminal misconduct against the Estate after he filed a criminal complaint against them, and filed an affidavit that falsely stated Simmons was the attorney for the Estate. (*Id*. at 4-7.)

On July 3, 2018, Defendants moved to dismiss the amended complaint, Plaintiff responded on August 7, 2018, and Defendants replied on August 10, 2018. (docs. 10; 21-22.) Defendants then moved to stay discovery and quash Plaintiff's third-party subpoenas on August 27, 2018, Plaintiff responded on September 17, 2018, and Defendants replied on September 18, 2018. (docs. 24; 27-28.) Plaintiff filed motions to compel discovery on September 12, 2018 and October 23, 2018, Defendants responded only to the second motion to compel on October 29, 2018, and Plaintiff did not file a reply. (docs. 26; 29; 31.)[2] Plaintiff also seeks leave to submit additional evidence for the record in support of his response to the motion to stay. (doc. 38.)[3] The motions are now ripe for recommendation.

## II. MOTION TO DISMISS

Defendants move to dismiss Plaintiff's complaint on grounds that he lacks standing to assert his claims against them. (doc. 10 at 32.)[4]

---

[2] Defendants initially filed their response to the second motion to compel on October 26, 2018, but subsequently amended their response. (*See* docs. 30-31.)

[3] Plaintiff filed two almost identical prior motions for leave to submit additional evidence that have already been denied. (docs. 34-37.)

[4] Although Defendants raise this argument under Rule 12(b)(6), the issue of standing implicates the Court's subject-matter jurisdiction and is properly considered under Rule 12(b)(1). *Lee v. Verizon Commc'ns Inc.*, 954 F. Supp.

3

A.     **<u>Legal Standard</u>**

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction; without jurisdiction conferred by the Constitution and statute, they lack the power to adjudicate claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

A Rule 12(b)(1) motion "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006). A court must dismiss the action if it determines that it lacks jurisdiction over the subject matter. Fed. R. Civ. P. 12(h)(3); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). A dismissal under Rule 12(b)(1) "is not a determination of the merits," and it "does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id*. Accordingly, considering Rule 12(b)(1) motions first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id*.

The district court may dismiss for lack of subject matter jurisdiction based on (1) the

---

2d 486, 496 (N.D. Tex. 2013) (citing *Hunter v. Branch Banking & Trust Co.*, 2013 WL 607151, at *1 (N.D. Tex. Feb. 19, 2013)) ("Standing is an issue of subject matter jurisdiction, and thus can be contested by a Rule 12(b)(1) motion to dismiss."); *see Cobb v. Cent. States*, 461 F.3d 632, 635 (5th Cir. 2006) (noting "the issue of standing is one of subject matter jurisdiction").

complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). A motion to dismiss based on the complaint alone presents a "facial attack" that requires the court to merely decide whether the allegations in the complaint, which are presumed to be true, sufficiently state a basis for subject matter jurisdiction. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1998). "If sufficient, those allegations alone provide jurisdiction." *Id*.

Here, Defendants rely solely on Plaintiff's amended complaint in support of their motion.[5] The motion therefore presents a facial attack that does not require the resolution of factual matters outside the pleadings. *See Williamson*, 645 F.2d at 412–13.

**B.** **Standing**

Defendants argue that Plaintiff has no "standing to pursue [claims against] the attorneys that represent the [A]dministrator of the [E]state." (doc. 10 at 32.)

When deciding state law claims, "applicable state law governs." *See PEMEX Exploracion y Produccion v. Murphy Energy Corp.*, 923 F. Supp. 2d 961, 965 (S.D. Tex. 2013) (citing *Crocker v. Fed. Deposit Ins. Corp.*, 826 F.2d 347, 349 (5th Cir. 1987)); *see also Aarti Hospitality, LLC v. City of Grove City, OH.*, 350 F. App'x 1, 6 (6th Cir. 2009) ("The law is well-settled that a federal court exercising supplemental or diversity subject matter jurisdiction over state law claims must apply state substantive law to those claims . . . . Whether plaintiffs have standing to [assert a claim under state law] is a question of [the state's substantive law], not federal procedural, law.").

---

[5] Defendants provide an appendix in support of their motion that includes affidavits from Attorneys and a copy of a motion for sanctions filed by Plaintiff in an Oklahoma state court case. (doc. 10-1 at 3-84.) They do not rely on that evidence in support of their standing argument, however. (*See* doc. 10 at 32.)

5

In Texas,[6] standing is a non-waivable component of subject-matter jurisdiction. *Tex. Ass 'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445–46 (Tex 1993). The "[Texas] test for standing parallels the federal test for Article III standing[.]" *PEMEX Exploracion y Produccion*, 923 F. Supp. 2d at 965. Standing, as an essential part of the Article III case-or-controversy requirement, requires showing of three elements: "injury in fact, a 'fairly traceable' causal link between that injury and the defendant's conduct, and the likelihood that the injury will be 'redressed by a favorable decision.'" *Cadle Co. v. Neubauer*, 562 F.3d 369, 371 (5th Cir. 2009) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 590 (1992)).

It is well-established that third parties in Texas "have no standing to sue attorneys on causes of action arising out of their representation of others." *Stancu v. Stalcup*, 127 S.W.3d 429, 432 (Tex. App.—Dallas 2004, no pet.) (citing *Dickey v. Jansen*, 731 S.W.2d 581, 582–83 (Tex. App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.); *see Estate of Nunu*, 542 S.W.3d 67, 76–77 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) (citing cases) (recognizing that a third party has no standing to sue attorneys based on their representation of others); *Bossin v. Towber*, 894 S.W.2d 25, 33 (Tex. App.—Houston [14th Dist.] 1994, writ denied) (same); *see also Stonewall Surplus Lines Ins. Co. v. Drabek*, 835 S.W.2d 708, 710 (Tex. App.—Corpus Christi 1992, writ denied) (citing *Dickey*, 731 S.W.2d at 582) ("It is well settled that persons outside the attorney-client relationship do not have a cause of action for injuries they might sustain due to the attorney's failure to perform or his negligent performance of a duty owed to his client."). "The rationale behind this rule is that" attorneys owe a duty only to those in privity with them, and therefore "only a person with whom the

---

[6]Defendants rely on Texas law in their motion to dismiss, and Plaintiff does not dispute that Texas law applies. (*See* docs. 10; 21.) Defendants also cite to Oklahoma law in support of their argument that Plaintiff lacks standing to bring this action. Even if Oklahoma law were applied, the result would be the same.

6

attorney has privity has standing to sue . . . ." *Barcelo v. Elliott*, 927 S.W.2d 28, 30 (Tex. App.—Houston [1st Dist.] 1995), *aff'd*, 923 S.W.2d 575 (Tex. 1996); *see also McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests*, 991 S.W.2d 787, 792 (Tex. 1999) (recognizing that persons who are not in privity with an attorney cannot sue the attorney).

Here, Plaintiff alleges that Defendants represented Administrator and the Estate, and his state law claims arise out of that representation. (doc. 7 at 4-7.)[7] Specifically, he claims that Defendants failed to protect a beneficiary's interest in the Estate, failed to advise Administrator of his duties as a representative of the Estate, counseled and assisted Administrator in committing fraud against the Estate, colluded with the Oklahoma Bar Association to manipulate the Estate, fraudulently sold property of the Estate, forged court documents for a hearing concerning property of the Estate, engaged in criminal misconduct against the Estate, and falsely stated that Simmons represented the Estate. (*Id*. at 4-7.) All of these alleged actions relate to Defendants' representation of Administrator or the Estate, and any duty owed by them was to Administrator or the Estate. (*See id*.) Because Defendants did not represent Plaintiff, they owed him no duty and no privity existed between them. *See Estate of Nunu*, 542 S.W.3d at 76 (finding that attorneys owed no duty to a plaintiff who they never represented). He therefore lacks standing to sue for any alleged acts arising out of their representation of either Administrator or the Estate. *Bossin*, 894 S.W.2d at 33 (determining that a third party lacked standing to sue attorneys based on their representation of others); *Stancu*, 127 S.W.3d at 434 (same); *see also Estate of Nunu*, 542 S.W.3d at 76–77 (same); *Barcelo*, 927 S.W.2d at 30 ("only a person with whom the attorney has privity has standing to sue").

---

[7] Although Plaintiff alleges that Defendants represented the Estate and Administrator, Defendants clarify in their motion to dismiss that Administrator is the client. (*See* docs. 7 at 3-4; 10 at 11.)

7

Additionally, Plaintiff cannot show that he was personally injured from any alleged acts. *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 155 (Tex. 2012) (stating that plaintiffs must first show that they were "*personally* injured[.]" (alternation in original)). Although he alleges that he suffered emotional stress and mental anguish as a result of Defendants' conduct, none of the alleged acts described in the amended complaint, except for their alleged attempt to "lure or bate [sic] Plaintiff . . . into a court room," were directed at him, and he only claims that the attempt put him at risk of harm. (*See id.*) He does not allege that any injury actually resulted from this alleged attempt. *Heckman*, 369 S.W.3d at 155 (quoting *DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 304–05 (Tex. 2008)) ("As for the injury itself, it 'must be concrete and particularized, actual or imminent, not hypothetical.'"). He therefore also fails to show that he suffered an injury-in-fact.

Lastly, because he has suffered no injury-in-fact, Plaintiff also cannot meet the third element of standing because any damages awarded to Plaintiff will not redress the alleged injuries to Administrator, the Estate, or any beneficiary. *See Sprint Comm. Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 268, 287 (2008) (noting that the redressability "inquiry focuses . . . on whether the injury that a plaintiff alleges is likely to be redressed through the litigation not on what the plaintiff ultimately intends to do with the money he recovers." (alteration in original)); *see also Heckman*, 369 S.W.3d at 155 (stating that the plaintiff "must simply establish a 'substantial likelihood that the requested relief will remedy the alleged injury in fact.'").[8] Accordingly, Plaintiff lacks standing to sue Defendants, and his claims should be dismissed for lack of subject-matter jurisdiction. *Flores v. Koster*, No. 3:11-CV-0726-M-BH, 2014 WL 1243676, at *1, 9 (N.D. Tex. Mar. 25, 2014)

---

[8] *See also Swearingen v. Bank of Oklahoma*, 134 P.3d 922, 924–25 (Ok. Civ. App. 2006) (finding that a spouse of a beneficiary did not have standing to pursue claims against attorneys based on their actions in representing her husband or the estate).

8

(dismissing state law claims without prejudice based on a lack of standing).

## III. RECOMMENDATION

The motion to dismiss should be **GRANTED**, and Plaintiff's claims should be **DISMISSED without prejudice** for lack of subject-matter jurisdiction. Accordingly, Defendants' motion to stay discovery pending a ruling on the motion to dismiss, Plaintiff's motions to compel, and Plaintiff's motion to submit evidence in support of his response to the motion to stay discovery are **DENIED as moot**.

**SO RECOMMENDED** on this 12th day of December, 2018.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE