CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

2019 JAN 18   PM 12: 27

DEPUTY CLERK _____

| | | |
|---|---|---|
| BENNIE R. GIBSON (SPOUSE OF FRANCES A. GIBSON BENEFICIARY OF THE ESTATE OF CEOLA M. LENOX) | ) ( ) ( | |
| *Plaintiff,* | ) ( | |
| Vs | ) ( | CIVIL ACTION **3:18-CV-00594-HD** |
| SMITHSIMMONS PLLC, ROE THERON SIMMONS, CHRISTOPHER SMITH, | ) ( ) | |
| *Defendants,* | ( | |

**PLANTIFF'S BENNIE R. GIBSON MOTION DISPUTING SIGNATURE ON JUDGEMENT AND ORDER ACCEPTING THE FINDING AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE AND NOTIFICATION TO THE COURT OF DEFENDANTS AND COUNSEL BRUCE PACKARD VIOLATION OF RULE 11 OF THE RULES OF FEDERAL PROCEDURES**

**TO THE HONORABE JUDGE OF THE SAID COURT**:

NOW COMES BENNIE R. GIBSON, the Plaintiff in the above-style numbered civil action here-by moves this court pursuant to FED. R. CIV. P. disputing the signature on judgement and order filed and rendered on January 09, 2019 accepting the findings and recommendation of the United States Magistrate Judge. Plaintiff's motion is also notifying this court of a Rule 11 violation by Defendants and Defendants counsel Bruce K. Packard pursuant to the Federal Rules of Civil Procedure. In support of motion Plaintiff respectfully states as follows:

*[Hence] Scripture  Proverbs Chapter 12 Moral Virtues and Their Contrary Vices verses 10 through 17. A righteous man regardeth the life of his beast: but the tender mercies of the wicked are **cruel**. He that his land shall be satisfied with; but he that followeth vain persons is void of understanding. The wicked is snared by the transgression of his lips: but the just shall come out of **trouble**. A man shall be satisfied with good by the fruit of his mouth; and the recompence of a man's hand shall be rendered unto him. The way of a fool is right in his own eyes; but he that hearkeneth unto counsel is wise. A fool's wrath is presently known; but a prudent man covereth **shame**. He that speaketh truth sheweth forth righteous; but a false witness **deceit**.*

**I**
**BACKGROUND OF FACTS**

**1).** On October 31, 2018 Plaintiff Bennie R. Gibson filed motion for order to show cause why Defendants and Defendants counsel Bruce K. Packard should not be held in contempt of court for repeated violation

*Page 2) Dispute*

provision of Rule 11 of the Federal Rules of Civil Procedure. The Magistrate ***Denied*** Plaintiff motion to show cause, that the Plaintiff motion contained no basis in law or fact for an order to show cause why the opposing counsel party's counsel should not be held in contempt. On November 13, 2018 Plaintiff filed Plaintiff motion to submit evidence for the record to supplement his opposition to Defendants motion for stay/quash Plaintiff's third-parties subpoenas and protective order..... The Magistrate ***Denied*** criminal evidence stating that Plaintiff motion did not contain a certificate of conference. On November 20, 2018 Plaintiff filed opposed amended Plaintiff 's motion to submit evidence for the record to supplement his opposition to Defendants motion for stay/quash Plaintiff's third-party subpoenas and for protective order.... The Magistrate ***Denied***. On November 27, 2018 Plaintiff filed Plaintiff opposed second amended Plaintiff motion to submit evidence for the record to supplement his opposition to Defendants motion for stay/quash Plaintiff, third-party subpoenas and for protective order. This second amended motion the Plaintiff included that the evidence he wants to submit for the record should be turned over to a ***PROSECUTOR***. This motion according to Texas Northern District local rules is a responsive pleading with a 21 day time limit for the Defendants to respond..... Due date to respond December 18, 2018. With 6 days for Defendants to respond to the Plaintiff' opposed second opposed second amended to submit evidence for the record to supplement his opposition to Defendants motion for stay/quash. The Magistrate Judge acts as an advocate for the Defendants ***DISMISSED*** the case for lack of subject matter jurisdiction.

**II**. In ***the Magistrate Judge Finding, Conclusion, and Recommendation filed December 12,***

## INSTRUCTION FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these finding, conclusions, and recommendation shall be served on all parties in the manner provided law. Any party who object to any part if these finding, conclusions and recommendation must file specify written objections within 14 days after being serve with a copy. See 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to the which objection is made, state the basis for the objection, and specify the place in the place in the magistrate judge's finding, conclusion and recommendations where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to filed specific written objections will bar the aggrieved party from appealing the factual and legal conclusions of the magistrate judge that are accepted or adopted by the district, except upon grounds of plain error. See Douglass v. United Servs., Automobile Ass 'n, 79 F. 3d 1415, 1417 (5th Cir. 1996).

2) On December 31, 2018 Plaintiff Bennie R. Gibson filed opposed objections to Magistrate Judge's finding. Conclusion, and recommendations and Plaintiff request for disqualification of the Magistrate. The Plaintiff states he objects to those finding, conclusions and recommendation in its entirety. Plaintiff states that at this phase of the civil action they are premature, contrary to the rule of law and an ***"outright disgrace"***.

*Page 3) Dispute*

The Plaintiff was served the Magistrate finding, conclusion, recommendation on December 17, 2018 See attached exhibit 1(a)(b)(c). Due date per Magistrate instructions December 31, 2018. The Plaintiff [s]tates that the Magistrate's decision demonstrated the following.

(a) She is at a conflict of interest:
(b) She committed obstruction of justice:
(c) She aided and abetted a criminal act, she failed to rule on a motion to compel subpoena related documents serve upon JP Morgan Chase Bank and Dannie G. Lenox knowing that the documents requested was evidence of a criminal act and both JP Morgan Chase Bank and Dannie G. Lenox was already in contempt of a federal subpoena:
(d) She failed to comply with Rule 1.6(b) section 4 of the criminal code which makes it a felony to conceal knowledge of and fail to report a cognizable by the court of the United States:
(e) Bias and corrupt practices by a federal judge:
(f) She abused her discretion by dismissing a subject matter jurisdiction knowing that the subject matter jurisdiction is *diversity* and the accusation involve "white supremacy" *hate crime* upon a Black American Citizen.

## III. CANON 2

**A JUDGE SHALL PERFORM THE DUTIE OF THE JUDICAL OFFICE IMPARTIALLY, COMPETENTLY, AND DELIGENTLY.**

**IN GENERAL**

**Rule 2.01: GIVING PRECEDENCE TO THE DUTIES OF JUDICIAL OFFICE**

**The duties of judicial office shall take precedence over extra judicial activities of the judge. The duties of judicial office include all the responsibilities of the judge's office prescribed by law.***

**Rule 2.02: BIAS, PREJUDICE, AND HARASSMENT**

**(A) A judge shall perform judicial duties without bias or prejudice and shall not engage in harassment.**

**(B) A judge shall not in the performance of judicial duties, by words or conduct manifest bias, prejudice, or harassment, including but not limited to bias, prejudice, or harassment base upon race, sex, gender, religion, national origin, ethnicity, age, sexual orientation , marital status, or socioeconomic status, and shall not permit staff, court official, and others subject to the judge's direction and control to do so. This does not preclude legitimate reference to those factors when relevant to an issue in the proceeding.**

**(C) A judge shall require lawyers in a proceeding before the judge to refrain from manifesting bias, prejudice, or harassment based upon race, sex, gender, religion, national origin, ethnicity, disability, age sexual orientation, marital status, or socioeconomic status, against parties, witnesses, counsel, or others. This does not preclude legitimate advocacy when these or other similar factors are issues in the proceeding**

**IV *Defendants response to Plaintiff's objections to the Magistrate Judge's findings, conclusions and recommendations filed January 07, 2019* [UNRESPONSIVE].**

[A] Rule 3.3 Candor Toward the Tribunal

***Page 4) Dispute***
*Advocate*

[1] This Rule governs the conduct of a lawyer who is representing a client in the proceeding of a tribunal. See Rule 1.0(m) for the definition of "tribunal". It also applies when the lawyer is representing a client in an ancillary conducted pursuant to the tribunal's adjudicative authority, such as a deposition. Thus, for example, paragraph (a)(3) requires a lawyer to take reasonable remedial measure if the lawyer to know that a client who is testifying in a deposition has offered evidence that is ***false.***

[2] This Rule sets forth the special duties of lawyers as officers of the court to avoid conduct that undermines the integrity of the adjudicative process. A lawyer acting as an advocate in an adjudicative proceeding has an obligation to present the client's case with persuasive force. Performance of that duty while maintaining confidence of the client, however, is qualified by the advocate's duty of candor to the tribunal. Consequently, although a lawyer in an adversary proceeding is not require to, present an impartial exposition of the law or to vouch for the evidence submitted in a cause, the lawyer must not allow the tribunal to be misled by false statements of law or fact or evidence that the lawyer knows to be false.

[3] an advocate is responsible for pleadings and other documents prepared for litigation but is usually not require to, have personal knowledge of matters asserted therein, for litigation documents ordinarily present assertions by the client or by someone on the client's behalf, and not assertions by the lawyer. Compare Rule 3.1. However, an assertion purporting to be on the lawyer's own knowledge, as in an affidavit by the lawyer or in a statement in open court, may properly be made only when the lawyer knows the assertion is true or believes it to be true on the basis of a reasonably diligent inquiry. There are circumstances where failure to make a disclosure is the equivalent of an affirmative misrepresentation. The obligation prescribed in Rule 1.2(d) not to counsel a client to commit or assist the client in committing a fraud applies in litigation. Regarding compliance with Rule 1.2(d), see the Comment to that Rule. See also the comment to Rule 8.4(b)

## V *FALSE PLEADINGS*

(a) To knowingly verify a false pleading would, at a minimum, subject an attorney to professional discipline for violation of the Disciplinary Rules: 7-102(A)(5), knowingly making a false statement of fact: 7-102(A)(7) assisting a client in illegal or fraudulent conduct 1-102(A)(4),engaging in conduct involving, dishonesty, deceit, or misrepresentation, 1-102(A)(6), engaging in conduct reflecting adversely on the attorney's fitness to practice law.

*Page 5) Dispute*

(b) The Defendants Counsel Bruce K. Packard submitted Defendants response to Plaintiff's objections to the Magistrate Judge's finding, conclusions, recommendations knowingly it contained a false statement *See Attached Exhibit 2(A)(B) page 3* [Gibson's Objections Are Untimely] Gibson was served with a copy of the Magistrate's ruling on December 12, 2018. The next day, he acknowledged having received a copy in an e-mail he sent to Simmons' counsel. See December 13, 2018 e-mail from Gibson which is attach hereto as Exhibit A." [*B*]*ut*]" for some reason Defendants counsel failed to file appendix in support of Defendants response to Plaintiffs objections to the Magistrate Judge's finding, conclusions and recommendation in the court.

(c) The court acted on this frivolous Defendant response and before Plaintiff could reply to this response the court entered Judgement with the disputed signature See Attached Exhibit 3(A)(B). The district clerk for the Texas Norther District Court Dallas Division advised Plaintiff the signature on the judgement is Karen Gren Scholer signature.

## CONCLUSION

WHEREFORE for all of the above reasons Plaintiff is disputing the signature per order entered January 07, 2019 Case # 3:18-CV-00594-S-BH and respectfully request the court to clarify the person behind this signature that obviously do not want to be known and a request for prosecution through process of the Texas Bar Association for professional misconduct perpetrated by Defendant counsel Bruce K. Packard for knowingly submitting a false pleading in the court.

Respectfully summitted

Bennie R. Gibson *Pro-se Litigant*
7200 Old Mill Run
Fort Worth, TX 76133
(817) 688-0652

## CERTTIFICATE OF SERVICE

I here-by certify that a true and correct copy of the foregoing document was served on all counsel on record VIA Priority Mail on this day Friday January 18, 2919 in accordance with the Federal Rules of Civil Procedure.

**Page 6) Dispute**

Bruce K. Packard
Theodore J. Riney
Two Lincoln Centre Suite 220
Dallas, TX 75240
James M. Kaufman
252 NW 70th
Oklahoma City, OK 73116

_____
Bennie R. Gibson *Pro-se Litigant*

## CERTIFICATE OF CONFERENCE

On January 14, 2019 the undersigned conferred with the Defendants counsel Bruce K. Packard regarding this signature dispute and notifying the court of attorney misconduct. Bruce K Packard, advised Plaintiff he opposed.

*Certified on this 18 day of January, 2019*

_____
Bennie R. Gibson Pro-se litigant

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT FOR TEXAS
## DALLAS DIVISION

BENNIE R. GIBSON (SPOUSE OF      )
FRANCES A. GIBSON BENEFICIARY  (
OF THE ESTATE OF CEOLA M. LENOX)   )
                                  (
               *Plaintiff*      )
                                  (
vs.                          )  CIVIL ACTION **3:18-CV-00594-S-HD**
                                  (
SMITHSIMMONS PLLC. ROE THERON  )
SIMMONS, CHRISTOFER SMITH    (
                                  )
             *Defendants*    (

---

## APPENDIX IN SUPPORT

---



# RINEY PACKARD PLLC
## ATTORNEYS & COUNSELORS

December 13, 2018

BRUCE K. PACKARD, ESQ.
Two Lincoln Centre
5420 LBJ Freeway, Suite 220
Dallas, Texas 75240

DIRECT · 214-461-1203
FACSIMILE : 214-461-1210
E-MAIL:bpackard@rineypackard.com

**_VIA CERTIFIED MAIL_**
**_RETURN RECEIPT REQUESTED_**
Bennie R. Gibson, Pro Se
7200 Old Mill Run
Ft. Worth TX 76133

Re:   Case No. 3-18-cv-00594-S-BH; *Bennie R. Gibson v. Smith Simmons, PLLC, Roe Theron Simmons, Christopher Smith*; In the United States District Court for the Northern District of Texas, Dallas Division

Dear Mr. Gibson:

Enclosed please find the Court's Findings, Conclusions, and Recommendation.

Sincerely,

RINEY PACKARD, PLLC

By:  Bruce K Packard
Bruce K. Packard, Esq.

BKP/ cs
Enclosure

*Exhibit 1(a)*

Riney Packard, PLLC
CH 12.13.18 SMSI01-01
5420 LBJ Freeway
Suite 220
Dallas TX 75240

$5.63    **US POSTAGE**
FIRST-CLASS
Dec 13 2018
Mailed from ZIP 75240

CID: 22741



071S00534813



**USPS CERTIFIED MAIL**

9414 8106 9994 5037 0918 03

Bennie R. Gibson, Pro Se
7200 Old Mill Run
Ft. Worth TX 76133

FOLD ALONG THIS LINE

*Ex hibit 1(6)*



**UNITED STATES POSTAL SERVICE**

We Re Deliver for You!

Download Informed Delivery® APP

**Sorry we missed you while you were out.**

Date: *12/17*

The item was sent by: *RINEY PACKARD*

It was sent to: *BENNIE GIBSON*

At this address: *1200 OLD MILL RUN*

**About the missed delivery:**

It was a:

_____ Package   ✓ Letter   _____ Large envelope

Available for pickup after:

Date: *12/18*

This is the:

☑ first attempt   ☐ Final notice

We'll hold on to it until: _____

For redelivery, scan the QR code or go to *usps.com/redelivery* and enter the barcode number shown below.

**5293 0592 3970 4220**

**We have item/s for you which we could not deliver because:**

☐ It requires a payment of $_____ for:

_____ Postage due   _____ Customs

☐ Receptacle full/item oversized

☐ No secure location available

☑ No authorized recipient available

☑ Signature required (Adult Signature items-must be 21+ years old)

☐ Other: _____

*Please see reverse for redelivery or pickup options.*

PS Form 3849, April 2018

*Exhibit 1(c)*

10

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **BENNIE R. GIBSON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION. 3:18-cv-00594-S-BH** |
| | § | |
| **SMITH SIMMONS, PLLC, ROE** | § | |
| **THERON SIMMONS, CHRISTOPHER** | § | |
| **SMITH,** | § | |
| | § | |
| **Defendants.** | § | |

---

### DEFENDANTS' RESPONSE TO PLAINTIFF'S
### OBJECTIONS TO THE MAGISTRATE JUDGE'S FINDINGS, CONCLUSIONS,
### AND RECOMMENDATIONS

---

TO THE HONORABLE COURT:

Defendants Smith Simmons, PLLC, Roe T. Simmons, and Christopher D. Smith

("Simmons"), respond as follows to Plaintiff, Bennie R. Gibson's ("Gibson") Objections to

Magistrate Judge's Findings, Conclusions, and Recommendations and Plaintiff's Request for

Disqualification of the Magistrate:

### SUMMARY OF OBJECTIONS

Despite the fact that Federal Rule of Civil Procedure 72(b) requires specific written

objections, there are no such objections listed in Gibson's pleading. It appears that he has some

objection to the Magistrate and the District Judge (that's a new one!) for some type of bias related

to persons that have nothing to do with this case or with the fact that he initially brought and now

attempts to continue to maintain a baseless claim that he apparently desires to pursue.

*Exhibit 2(a)*

## SUMMARY OF RESPONSE

Gibson's objections are untimely and lack the specificity required under Fed. R. Civ. P. 72(b). As such, his generalized objections can be disregarded. Even if the court were to consider the "bias" claim, whatever it entails, Gibson has not carried his burden of sworn testimony showing personal bias on behalf of the Magistrate Judge or the District Court.

## ARGUMENT

The Federal Magistrates Act, *28 U.S.C. § 636*, permits a full Article III judge to [designate a magistrate judge to hear and determine any pretrial matter pending before the court, except certain dispositive motions and further permits a judge to designate a magistrate judge to submit to the District Court any proposed findings of fact and recommendations for the disposition of any of those excepted] motions. *28 U.S.C. § 636(b)(1)(A)-(B) (2018)*. The local rules for the Northern District of Texas also provide detailed, specific briefing requirements when challenging a Magistrate Judge's ruling. *See* N.D. Tex. Local Rule CV-72.1 and 72.2. A Magistrate Judge may, therefore, recommend disposition of a motion to dismiss to the District Judge, who will then conduct a *de novo* review of those portions of the recommendation to which a party raises specific, timely, objections. *28 U.S.C. § 636(b)(1)(C)*. The Fifth Circuit has repeatedly recognized the statutory authority to designate a Magistrate Judge for such purpose and has clearly upheld the litigant's requirement to file timely, specific objections. *Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417* (5th Cir. 1996) (*en banc*), superseded by statute on other grounds, *28 U.S.C. § 636(b)(1)*.

A party who files timely written objections to a Magistrate Judge's report and recommendation is entitled to a *de novo* review of those findings or recommendations to which

the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3).  Gibson did

not timely object, nor did he specifically object, so he is not entitled to a *de novo* review.

### Gibson's Objections Are Untimely

Gibson was served with a copy of the Magistrate's ruling on December 12, 2018.  The next

day he acknowledged having received a copy in an email he sent to Simmons' counsel.  See Dec.

13, 2018 email from Gibson, which is attached hereto as Exhibit A.   Gibson had 14 days after

being served to file his objections—which would have been December 26.  *See Fey v. US Bank,*

*N.A.*, 2017 U.S. Dist. LEXIS 189798 at *6 (N.D. Ga. 2017) (Fed. R. Civ. P. 6(d) was amended to

omit electronic service from the types of service upon which three days are added after the period

would otherwise expire).

However, Rule 72's 14-day deadline is not jurisdictional. *Douglass v. United Services*

*Auto. Ass'n*, 79 F.3d 1415, 1427 (5th Cir. 1996) (*en banc*) (collecting cases), Untimely objections

are reviewed for plain error. *Douglass*, 79 F.3d at 1428-29.  *Verso Paper, LLC v. Hireright, Inc.*,

2012 U.S. Dist. LEXIS 86747 at *6-7, (S.D. Miss. 2012).

### Gibson's Objections Lack Specificity

The Court can disregard Gibson's objections in their entirety because they are not specific

as required by Fed. R. Civ. P. 72(b).   Gibson was warned by the Magistrate that "in order to be

specific, an objection must identify the specific finding or recommendation to which objection is

made, state the basis for the objection, and specify the place in the magistrate's findings,

conclusions and recommendation where the disputed determination is found."  Magistrate's

Recommendation, pg. 9.  Furthermore, "an objection that merely incorporates by reference or

refers to the briefing before the magistrate judge is not specific." *Id.*

A review of Gibson's filing shows that he has not specifically attacked any specific finding of the Magistrate. His generalized complaints do not meet the requirements of Rule 72(b).

## No Plain Error Is Shown

In the Fifth Circuit, the plain-error rule requires a showing of "particularly egregious errors" resulting in a "miscarriage of justice". *McKethan v. Texas Farm Bureau*, 996 F.2d 734, 744, (5th Cir. 1993). Gibson has not made any such showing. In fact, the real miscarriage of justice would be in allowing this frivolous lawsuit to continue. The Magistrate's rulings were thoughtful, supported, and accurate. No plain error is present.

## No Bias Is Shown

Throughout these proceedings, the Magistrate Judge has given Gibson exceptional leeway to disparage, discredit and attack the court, counsel and opposing parties. This late attempt at "bias" is a further example of the baseless attacks that Gibson feels he is free to allege. There is no evidence of bias. There is plenty of evidence of judicial restraint towards a *pro se* plaintiff who has, to date, shown no bounds to his conduct.

Judges should recuse themselves from adjudicating a case where they "exhibit such high level of animosity as would render a fair judgment impossible." *Opiyo v. Musgrave*, 574 F. App'x 491, 493 (5th Cir. 2014) (*per curiam*) (citing *United States v. Mizell*, 88 F.3d 288, 299 (5th Cir. 1996)). A party must produce a "timely and sufficient affidavit" evincing a judge's "personal bias" in order to properly seek recusal. *Douglas v. Houston Hous. Auth.*, 587 F. App'x 94, 98 (5th Cir. 2014) (*per curiam*) (quoting 28 U.S.C. § 144). Gibson has presented no affidavit and his argument should be rejected out of hand. *Charboneau v. Box*, 2017 U.S. Dist. LEXIS 46273, *50-52 (E.D. Tex. 2017) (denying bias claim that is not supported by factual affidavit).

Section 144 of 28 U.S.C. provides as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate stating that it is made in good faith.

See 28 U.S.C. § 144.

Thus, an affidavit suffices to make the requisite showing where it demonstrates "facts . . . such that, if true, . . . would convince a reasonable person that bias exists," and "facts [that would] show the bias is personal as opposed to judicial, in nature." *Phillips v. Joint Legislative Comm. on Performance & Expenditure Review of Miss.*, 637 F.2d 1014, 1019 (5th Cir. 1981)). The party seeking recusal must show a "deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994). Even without such an affidavit, however, judges should still recuse themselves where "their impartiality might reasonably be questioned," *Douglas*, 587 F. App'x at 98 (quoting *Republic of Panama v. Am. Tobacco Co.*, 217 F.3d 343, 346 (5th Cir. 2000)) (quotations omitted). This would be the case where "the probability of actual bias on the part of the judge . . . is too high to be constitutionally tolerable." *Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868, 877, 129 S. Ct. 2252, 173 L. Ed. 2d 1208 (2009) (quotations omitted). To determine whether such probability exists, courts should ask "not whether the judge is actually, subjectively biased, but whether the average judge in the same position is 'likely' to be neutral, or whether there is an unconstitutional 'potential for bias.' *Charboneau v. Box*, 2017 U.S. Dist. LEXIS 46273, *50-52, (E.D. Tex. 2017). There is no evidence that would convince a reasonable person that any judicial bias does now or

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO
MAGISTRATE JUDGE'S FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS**               Page 5

has at any time during this lawsuit existed against Gibson.   There is plenty of evidence that Gibson's baseless and ongoing abusive allegations should be sanctioned by the Court.

WHEREFORE, Simmons requests that the Court deny Gibson's objections and render judgment in accordance with the recommendations of the Magistrate Judge and for such other relief to which they may be justly entitled.

Respectfully submitted,

BRUCE K. PACKARD
State Bar No. 15402300
bpackard@rineypackard.com
HAYDEN HOOPER
State Bar No. 24066517
hhooper@rineypackard.com
RINEY PACKARD, PLLC
Two Lincoln Centre
5420 LBJ Freeway, Suite 220
Dallas, Texas 75240
214-461-1200 Telephone
214-461-1210 Facsimile
**ATTORNEYS FOR DEFENDANTS**

*AND*

James M. Kaufman OBA No. 4893
Email: jim@smithsimmons.com
SMITH SIMMONS, PLLC
252 NW 70th
Oklahoma City, OK 73116
Ph. 405-843-1000
Fax: 405-843-1005

## CERTIFICATE OF SERVICE

      The undersigned counsel certifies that a true and correct copy of the foregoing instrument was served upon the following opposing party on this _____ day of January, 2019:

***VIA CERTIFIED MAIL***
***RETURN RECEIPT REQUESTED:***

Bennie R. Gibson
7200 Old Mill Run
Ft. Worth TX 76133
**PLAINTIFF** *Pro Se*

BRUCE K. PACKARD