IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BENNIE R. GIBSON,** | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | Civil Action No. 3:18-CV-594-S-BH |
| | § | |
| **SMITHSIMMONS PLLC, et al.,** | § | |
| | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this *pro se* case has been referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court is *Plaintiff's Bennie R. Gibson Motion Disputing Signature on Judgement and Order Accepting the Finding and Recommendation of the United States Magistrate Judge and Notification to the Court of Defendants and Counsel Bruce Packard Violation of Rule 11 of the Rules of Federal Procedures*, filed January 22, 2019 (doc. 46). Based on the relevant filings and applicable law, the motion should be construed as seeking to alter or amend the judgment under Fed. R. Civ. P. 59(e) and **DENIED**.

## I. BACKGROUND

This case arises out of a dispute over the handling of the Estate of Ceola M. Lenox (the Estate). (*See* doc. 7 at 3-4.)[1] Bennie R. Gibson (Plaintiff) is married to Ms. Lenox's daughter. (*Id.* at 12.) On March 14, 2018, Plaintiff sued the attorneys for the Estate, Roe Theron Simmons and Christopher Smith (collectively, Attorneys), and SmithSimmons PLLC (Law Firm) (collectively, Defendants), asserting state law claims for professional negligence, aiding and abetting a breach of

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

fiduciary duty, criminal fraud, criminal conspiracy, fraudulent deed transfer, forgery, document fraud, intentional harassment, perjury, theft, and conversion based on the administration of the Estate. (*See* doc. 3; doc. 7 at 4-7.) He alleged that the administrator, his wife, and an attorney at the Law Firm worked in concert to commit fraud upon the Estate by engaging in self-dealing, embezzlement, depositing estate funds into personal accounts, coercing Plaintiff's wife to sign an agreement, and defrauding the Estate for financial gain. (*See* doc. 7 at 4.) He claims that Defendants breached their duty to protect the beneficiary's interest in the Estate, failed to advise administrator of his duties as a fiduciary, counseled and assisted him in committing fraud against the Estate, colluded with the Oklahoma Bar Association to gain an unfair advantage over Plaintiff and manipulate the Estate, fraudulently sold property of the Estate, forged court documents for a hearing related to property of the Estate to "lure or bate [sic] Plaintiff or his daughter" into a court room, continued engaging in criminal misconduct against the Estate after he filed a criminal complaint against them, and filed an affidavit that falsely stated Simmons was the attorney for the Estate. (*Id*. at 4-7.) He sought "losses and damages in and [sic] amount in excess of the minimum jurisdictional limits of this Court," "punitive damages in the amount of $20,500,000.00," attorney's fees, pre-judgment and post-judgment interest, and court costs. (*Id*. at 9.)

On July 3, 2018, Defendants moved to dismiss the live complaint for lack of standing, and on December 12, 2018, it was recommended that the motion be granted. (*See* docs. 10, 39.) Plaintiff objected to the recommendation on December 31, 2018, and on January 9, 2019, the recommendation was accepted, and judgment was entered in favor of Defendants. (*See* docs. 41, 44, 45.)

On January 18, 2019, Plaintiff filed a motion in which he disputes the signatures on both the

2

order accepting the recommendation and the judgment, alleges bias and misconduct by the magistrate judge, and reurges his prior motion for sanctions against Defendants' counsel. (*See* doc. 46 at 1-5.) He also claims that counsel submitted a response to his objections that knowingly contained a false statement. (*Id.* at 5.) Included with his motion are copies of an order signed by the presiding district judge in a different case and the judgment in this case. (*See* doc. 46-1 at 4-5.)

**II. RULE 59(e)**

To prevail on a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure, the moving party must show (1) an intervening change in the controlling law; (2) the newly discovered evidence that was previously unavailable; or (3) a manifest error of law or fact. *Alexander v. Wells Fargo Bank, N.A.*, 867 F.3d 593, 597 (5th Cir. 2017) (citing *Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* at 479, 483. When considering a motion to alter or amend judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, Plaintiff does not allege new evidence or a change in the law concerning the finding that he lacked standing to bring this action against Defendants, and he has not demonstrated a manifest error of law or fact in the recommendation for dismissal on that basis or the entry of judgment in Defendants' favor. Although there is a difference in signature between the two orders

signed by the same district judge, this difference does not call into question Plaintiff's lack of standing to sue. He brought forward no evidence in support of the remainder of the allegations in his motion. His motion to alter or amend the judgment should be denied.

### III. RECOMMENDATION

The plaintiff's motion under Rule 59(e) should be **DENIED**.

**SO RECOMMENDED** on this 23rd day of January, 2019.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE